**MANNING CURTIS BRADSHAW
   & BEDNAR LLC**
Brent V. Manning, # 2075
Sammi V. Anderson, # 9543
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Telephone:  (801) 363-5678
Facsimile:   (801) 364-5678

Attorneys for Defendant
Global Crossing Telecommunications, Inc.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GWB INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBAL CROSSING TELECOMMUNICATIONS, INC., GLOBAL COMMUNICATIONS, INC. and JOHN DOES 1 – 10,<br><br>　　　　Defendants. | **MEMORANDUM  IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Case No.:  2:07-cv-00998<br><br>Magistrate Judge Paul M. Warner |

Pursuant to DUCiv.R. 7, FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406(a), Defendant Global Crossing Telecommunications, Inc. ("Defendant"), by and through counsel undersigned, respectfully submits this Memorandum in Support of Defendant's Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue.

# **INTRODUCTION**

Plaintiff entered into a contract that requires claims arising out of or related to that contract to be litigated in New York. Pursuant to the forum-selection clause, plaintiff waived the right to challenge jurisdiction or venue in New York. Plaintiff has nevertheless sued Defendants, neither of which is located here, in Utah. Plaintiff cannot meet the heavy burden required to disregard the forum-selection clause to which the parties freely agreed. Having already selected a forum for disputes, plaintiff cannot now sue in Utah simply because it is more convenient or expedient for it to do so.

In addition, with the exception of a bare and conclusory allegation that a substantial part of the events giving rise to plaintiff's claims occurred in Utah, the Complaint is devoid of any allegations pleading a substantive connection between Utah and the events underlying the action. Plaintiff's industry is telecommunications and, specifically, switch-based long distance services. Its switching equipment is located in Oregon, Nevada and Utah. Plaintiff's long-distance service affects 75,000 payphones. There is no allegation that the contracts were negotiated in Utah or that communications between plaintiff and Defendants occurred in any way other than across inter-state phone lines by telephone and e-mail. There is simply nothing, besides plaintiff's business address, tying this litigation to Utah. Certainly nothing that would warrant disregarding the parties' ability to rely freely on their contractual rights.

**STATEMENT OF FACTS**

1. The Retail Customer Agreement governing plaintiff's claims contains a forum-selection clause that provides in relevant part:

> Subject only to the provisions of any Local Country Agreement, this Agreement, the General Terms and Conditions and the SLAs will be construed and enforced in Accordance with the law of the state of New York. We both agree that any action related to this Agreement may be brought and maintained in a Federal or State court of competent jurisdiction located in Monroe County, New York without regard to that state's choice of law principles. **We each consent to the jurisdiction and venue of such courts and waive any right to object to such jurisdiction and venue.**

*See* Ex. A to Complaint, Retail Customer Agreement at p. 6, ¶ 15 (emphasis supplied)

2. Plaintiff is in the business of telecommunications activities. *See* Complaint at 1, ¶ 1.

3. Defendant Global Crossing is officed in New York, and communicated with plaintiff as to the events underlying this action from its offices in New York. *See* Ex. D to Complaint, April 3, 2007 e-mail from Frank Fields, Vice President and Senior Counsel for Global Crossing, to plaintiff's attorney, Mark Anderson.

4. A separate defendant, Global Communications, Inc. is officed in Colorado. However, Jeffrey Knauf, the Channel Account Manager for Global Channel Partner Services, a division of Global Crossing, and the individual primarily responsible for plaintiff's account at Global Crossing, was officed in New York and communicated with plaintiff as to the events underlying this action from Global Crossing's offices in New York. *See* Ex. C to Complaint, e-mail chain spanning March 13, 2007 to March 28, 2007, involving Account Manager Jeffrey Knauf and plaintiff.

5. No Defendant is located in Utah. *See* Complaint at 2, ¶¶ 2, 4; Exs. C and D to Complaint.

iii

6. Plaintiff derives its revenue from reselling long distance service to payphone service providers, including switch-based long distance services. *See* Complaint at 3, ¶ 16; 5, ¶ 24.

7. Plaintiff's switching equipment is located in Portland, Oregon, Las Vegas, Nevada and Salt Lake City, Utah. *See* Complaint at 3, ¶ 15.

8. To access plaintiff's services, the payphone service providers' payphones are programmed to dial plaintiff's toll free number automatically. *See* Complaint at 4, ¶ 22.

9. Defendant Global Crossing provides long distance carrier service in the telephone industry. *See* Complaint at 5, ¶ 23.

10. In this case, Defendant Global Crossing provided the toll-free number carrier service that allowed plaintiff's payphone service provider customers to access plaintiff's services toll-free. *See* Complaint at 5, ¶ 25.

11. Plaintiff's long distance service to its payphone service provider customers affects 75,000 payphones. *See* Complaint at 7, ¶ 36.

**ARGUMENT**

Plaintiff claims this case is brought pursuant to 28 U.S.C. § 1331, federal question jurisdiction. Federal law governs issues surrounding venue, even in cases based on diversity jurisdiction, because questions of venue are essentially procedural, rather than substantive. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988) (federal law applied to motion to transfer based on forum-selection clause); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990) (federal law applies in diversity cases, irrespective of *Erie R.R. v. Tompkins*).[1] In the Tenth Circuit, a motion to dismiss based on a forum selection clause is analyzed as a motion to dismiss for improper venue under FED. R. CIV. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies*, 969 F.2d 953, 956 (10th Cir. 1992).

**I.   VENUE IS NOT PROPER BECAUSE THE PARTIES' CONTRACT INCLUDES A FORUM SELECTION CLAUSE REQUIRING THAT PLAINTIFF'S CLAIMS BE LITIGATED IN NEW YORK.  ACCORDINGLY, THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED TO THE PROPER VENUE IN NEW YORK.**

The contract governing plaintiff's claims contains a forum-selection clause that provides as follows:

> Subject only to the provisions of any Local Country Agreement, this Agreement, the General Terms and Conditions and the SLAs will be construed and enforced in Accordance with the law of the state of New York.  We both agree that any action related to this Agreement may be brought and maintained in a Federal or State court of competent jurisdiction located in Monroe County, New York without regard to that state's choice of law principles. **We each consent to the jurisdiction and venue of such courts and waive any right to object to such jurisdiction and venue.**

*See* Statement of Facts ("SOF") at ¶ 1.

---

[1]  Utah law is in accord with federal law in all events. *See Coombs v. Juice Works Dev., Inc.*, 81 P.3d 769, 773-75 (Utah Ct. App. 2003) (upholding forum-selection clause and requiring plaintiffs to litigate in Arkansas rather than Utah; rejecting arguments that plaintiffs should not be bound by forum-selection clause because they did not read it, that the clause was not negotiated and therefore should not be enforced and that defendants should be required to litigate in Utah because they had a significant presence there).

1

This clause specifically provides that plaintiff has consented to jurisdiction and venue in New York. Had plaintiff been sued in New York, venue would undoubtedly lie in New York and plaintiff would have no argument to the contrary. Utah is simply not the parties' selected forum. Under the same logic, plaintiff has waived any right to object to the transfer of this action to New York. The contract expressly anticipates that the forum for litigation arising out of the contract will be New York and that the parties "consent" to, and waive the right to object to, venue and jurisdiction there. Therefore, under either circumstance, where litigation is initiated in New York, or where one party seeks to transfer the litigation to New York, the contract precludes any objection or challenge to jurisdiction or venue. Plaintiff must be held to these terms.[2]

"Courts recognize a strong policy in favor of enforcing forum-selection clauses, **particularly in commercial agreements.**" 17A Am.Jur.2d Contracts § 259 (2008) (emphasis supplied). The Tenth Circuit has recognized that "the enforcement of choice of forum and choice of law clauses is consistent with … U.S. Supreme Court decisions." *See Riley*, 969 F.2d at 956-57.

Plaintiff has ignored the forum-selection clause by filing suit in Utah. Plaintiff bears a heavy burden of proof in attempting to justify litigation in Utah. The United States Supreme Court has stated

> it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be [so] gravely difficult and inconvenient that he will for all

---

[2] While courts have held that the words "may be maintained" can render a forum selection clause permissive, those decisions did not interpret contracts that contained the follow-up sentence found in this contract, whereby the parties consent to jurisdiction and venue and waive any right to challenge jurisdiction and venue in New York. *See, e.g., SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581-82 (10th Cir. 1997). Furthermore, as the *SBKC* court made clear, it is more important to "focus … upon the language and intent of the parties," than "to indulge in a distinction between mandatory and permissive venue selection clauses." *Id.* at 582. Here, the language and the intent of the parties demonstrates that the parties waived any right to challenge jurisdiction or venue in New York where one party moves to transfer that litigation to the anticipated venue in New York.

practical purposes be deprived of his day in court.

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972).  The Supreme Court further held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10.

In a subsequent decision considering a domestic forum-selection clause, the Supreme Court fleshed out the showing of "inconvenience" and "unreasonableness" required and upheld the forum-selection clause, notwithstanding reasonably significant inconvenience to the plaintiffs.  The *Carnival* court held that

> [o]nly a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause.

*Riley*, 969 F.2d at 958 citing *Carnival Cruise Lines, Inc. v. Shute*, 111 S.Ct. 1522, 1528 (1991).

In the *Carnival* case, a couple from Washington purchased cruise tickets from Carnival Cruise Lines.  *See Carnival,* 111 S.Ct. at 1522.  The tickets contained a forum-selection clause limiting litigation to Florida.  *See id.*  Mrs. Shute was injured during the voyage and brought suit in Washington.  *See id.* at 1523.  The trial court granted Carnival's motion to dismiss based on the forum-selection clause.  *See id.*  The Court of Appeals reversed and held the forum-selection clause was unenforceable because "it was not freely bargained for," and also based on evidence that the Shutes were physically and financially incapable of pursuing the litigation in Florida. *See id.*

The Supreme Court reversed the Court of Appeals and rejected both arguments in enforcing the forum-selection clause.  The *Carnival* Court noted that even a non-negotiated forum-selection clause had the salutary effects of limiting the forum in which the defendant could potentially be subject to suit, dispelling any confusion as to where litigation is proper and

3

by passing these benefits on to consumers in the form of cheaper goods and services. *See id.* at 1527. The Court further noted an absence of evidence that Florida was selected by Carnival in bad faith as a means to discourage litigation of legitimate claims. *See id.* at 1528. Rather, the Court reasoned, Florida was a justified forum because Carnival had its place of business there. *See id.* The *Carnival* Court thus concluded that the Shutes had not "satisfied the heavy burden of proof required to set aside the clause on grounds of inconvenience." *See id.* (internal marks and citation omitted).

The Supreme Court's high bar for disregarding a forum-selection clause makes sense because "[i]n enforcing a forum-selection clause, a court is not attempting to limit the plaintiff's usual right to choose its forum, **but is enforcing the forum that the plaintiff has already chosen**." 17A Am.Jur.2d Contracts § 259 (2008) (emphasis supplied); *see also, Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964) ("[I]t is settled … that parties to a contract may agree in advance to submit to the jurisdiction of a given court.")

Certainly it makes sense in the context of two commercial parties engaged in the business of telecommunications. *See* 17A Am.Jur.2d Contracts § 259. If two laypeople are held to a boiler-plate forum-selection clause in a cruise ticket, even where there is evidence suggesting significant impediments to their ability to litigate in the selected forum, then certainly plaintiff, a sophisticated telecommunications provider, can be held to its consent to venue and jurisdiction in New York.

This especially true in this case, where there is no evidence weighing in favor of a Utah forum **except** that plaintiff has its business here. Neither of the Defendants is located in Utah. *See* SOF ¶ 5. In fact, as in *Carnival*, Defendant is officed in New York, the stipulated forum. *See id.* ¶¶ 1, 3-4. Defendant's communications leading up to this action, at least insofar as they

are relied on by plaintiff and attached to its Complaint, came from Defendant's New York offices and were transferred along inter-state phone lines. *See id.* ¶¶ 3-4. There is no allegation that the services provided pursuant to the contract were limited to Utah. To the contrary, plaintiff indicates its switching equipment is located in Oregon, Nevada and Utah. *See id.* ¶ 7. Plaintiff similarly does not allege that the 75,000 payphones allegedly affected by Defendants' actions are located in Utah alone and nothing in the Complaint indicates plaintiff's services are provided only in Utah.

Accordingly, plaintiff's Complaint should be dismissed for improper venue pursuant to the parties' forum-selection clause. In the alternative, pursuant to 28 U.S.C. §1406(a), Defendant requests that this Court transfer this action to the appropriate venue under the forum-selection clause, Monroe County, New York. Plaintiff has waived any right to object to venue or jurisdiction in New York under the parties' contract.

## II. VENUE IS NOT PROPER BECAUSE A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO PLAINTIFF'S CLAIMS DID NOT OCCUR IN THIS DISTRICT.

28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may … be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As noted above, jurisdiction in this action is allegedly founded on federal question jurisdiction. Further, none of the Defendants is located in Utah. *See* SOF at ¶ 5. Thus, for plaintiff to establish proper venue, plaintiff must demonstrate that a substantial part of the events leading to its claims occurred in this district. Indeed, plaintiff summarily alleges that venue is proper on

this basis.  *See* Complaint at ¶ 13.

Notwithstanding its burden to demonstrate this, however, and with the exception of the lone fact that plaintiff is located in Utah, plaintiff's Complaint contains no allegations that even tend to establish a "substantial part of the events or omissions giving rise to the claim occurred" in Utah.  To the contrary, the majority of the allegations, including Defendants' location, the nature of the services provided, and the parties' communications surrounding the contract, indicate there is no substantive connection between this dispute and Utah.  *See* SOF ¶¶ 3-11 and Section I *infra*, incorporated herein by reference.

Accordingly, plaintiff has also failed to establish that venue is proper in Utah under 28 U.S.C. § 1391(b) and the action is also subject to dismissal on this ground, or at the very least should be transferred to New York pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons set forth above, Defendant respectfully moves this Court to dismiss plaintiff's Complaint based on improper venue.  In the alternative, Defendant requests that the action be transferred to the appropriate venue in Monroe County, New York pursuant to 28 U.S.C. § 1406(a).

DATED this 31st day of March, 2008.

        MANNING CURTIS BRADSHAW
          & BEDNAR LLC


     /s/  Sammi V. Anderson
     _____
     Brent V. Manning
     Sammi V. Anderson
     Attorneys for Defendant Global Crossing
     Telecommunications, Inc.

## CERTIFICATE OF SERVICE

 I hereby certify that I caused a true and correct copy of the foregoing **Memorandum in Support of Defendant's Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue** to be served in the method indicated below to the below named attorney this 31st day of March, 2008.

| | |
|---|---|
| \_\_\_HAND DELIVERY | Mark L. Anderson |
| \_\_\_U.S. MAIL | The Law Office of Mark L. Anderson |
| \_\_\_OVERNIGHT MAIL | 977 South Orem Blvd. |
| \_\_\_FAX TRANSMISSION | Orem, Utah 84058 |
| \_\_\_E-MAIL TRANSMISSION | |
| \_X\_USDC ECF NOTICE | Attorney for Plaintiff |

 /s/ Sammi V. Anderson