IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GWB INC., <br><br> Plaintiff, <br><br> vs. <br><br> GLOBAL CROSSING TELECOMMUNICATIONS, INC., et al., <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br><br> Case No. 2:07-CV-998 CW |

The Defendants in this matter, Global Crossing Telecommunications, Inc. ("Global Crossing") and Global Communications, Inc. ("GCI") have moved to dismiss based on improper venue or, alternatively, to transfer venue. GCI has separately moved to dismiss for lack of personal jurisdiction. For the reasons set forth below, their motions are DENIED.

## BACKGROUND

Plaintiff GWB, Inc. and Global Crossing do business in the telecommunications industry. GCI is a broker for Global Crossing. In late 2006, GCI facilitated contact between GWB and Global Crossing. In December 2006, GWB and Global Crossing entered into agreements by which Global Crossing would provide toll-free number carrier service to GWB. The relevant written agreement has a forum selection clause that reads in relevant part as follows:

> Subject only to the provisions of any Local Country Agreement, this Agreement. . . will be construed and enforced in accordance with the law of the state of New York. We both agree that any action related to this Agreement may be brought and maintained in a

>Federal or State court of competent jurisdiction located in Monroe County, New York without regard to that state's choice of law principles. We each consent to the jurisdiction and venue of such courts and waive any right to object to such jurisdiction and venue.

After Global Crossing began to provide services to GWB, a dispute arose between the parties over whether Global Crossing was properly charging a certain fee to GWB. On December 26, 2007, GWB filed the complaint in the present action.

Soon after GWB filed the complaint, Global Crossing filed a motion to dismiss based on improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. 1406(a). Global Crossing argued that the forum selection clause in the agreement with GWB mandated a dismissal or a transfer to a court in New York. Global Crossing also contended that venue is improper in Utah because GWB did not establish that a substantial part of the events at issue occurred in Utah. GCI joined that motion.

GWB amended its complaint on May 28, 2008. On July 1, 2008, GCI moved to dismiss based on lack of personal jurisdiction. GWB responded to that motion by pointing out, among other things, that GCI had made phone calls to GWB in Utah in the context of the allegations of this case. Now before the court are Global Crossing and GCI's motions to dismiss or transfer.

## ANALYSIS

### I. Motions to Dismiss for Improper Venue or to Transfer

Global Crossing and GCI's Rule 12(b)(3) motion to dismiss for improper venue presents a question of law. K & V Scientific, Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 497 (10th Cir. 2002). Here, Defendants assert that the forum selection clause in the written agreement between Global Crossing and GWB is mandatory, meaning that any action

by either party must be brought in New York.  GWB contends that the clause is merely permissive, meaning that an action may be brought in New York or another venue.

> The difference between a mandatory and permissive forum selection clause is that "[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."  "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."

American Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 926 (10th Cir. 2005) (citation omitted).

The forum selection clause at issue here is plainly permissive.  The parties agreed that an action "may" be brought in Monroe County, New York.  The contract does not contain words such as "exclusive," "sole," or "only" in reference to that venue.  See K & V Scientific, 314 F.3d at 500.  Global Crossing creatively argues that by stating that they "waive any right to object to such jurisdiction and venue," the parties waived the right to object to a transfer to Monroe County, New York if the action is filed outside of that venue.  But the clear import of that phrase is that GWB and Global Crossing only waive their right to object to the original filing of an action there.  Further, even if that phrase did call into question whether venue is mandatory, it should be construed against the drafter, Global Crossing.  See id.  Accordingly, dismissal or transfer based on the forum selection clause is not appropriate.

Moreover, the court has little problem finding that a substantial part of the alleged events occurred in Utah.  GWB is a Utah company which negotiated and entered the agreement in Utah, and the alleged damages occurred in Utah.  These facts easily meet the threshold of 28 U.S.C. 1391(b)(2).  Consequently, Global Crossing and GCI's motions under Rule 12(b)(3) and 28 U.S.C. 1406(a) are DENIED.

**II.     GCI's Motion to Dismiss for Lack of Personal Jurisdiction**

A plaintiff "bears the burden of establishing personal jurisdiction over the defendant." OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir.1998). GWB asserts that the court has specific and general jurisdiction over GCI.  To determine if a court has specific jurisdiction, the court performs a three-part inquiry under Utah Code Ann. § 78B-3-205, the Utah long-arm statute: "(1) whether the defendant's acts or contacts are described within the parameters of the Utah long-arm statute; (2) whether a 'nexus' exists between the plaintiff's claims and the defendant's acts or contacts; and (3) whether the attainment of personal jurisdiction over the defendant pursuant to the Utah long-arm statute satisfies the requirements of due process."  Miner v. Rubin & Fiorella, LLC, 242 F. Supp. 2d 1043, 1045 (D. Utah 2003) (citation omitted).  Activities giving rise to jurisdiction under Utah's long arm statute include transacting business in Utah and causing injury in Utah.  See Utah Code Ann. § 78B-3-205. Courts may "exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state."  World Wide-Volkswagen Corp. v. Woodson, 444 U.S. 286, 291(1980) (citation omitted).  Such "minimum contacts" are established "if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

Here, the court need not address GWB's assertion that the court has general jurisdiction over GCI because the court finds that specific jurisdiction is present.  Specifically, GCI purposely contacted GWB, a company located in Utah, to help make the connection between GWB and Global Crossing.  Moreover, GCI allegedly played a role in the subsequent agreement and

communications between GWB and Global Crossing. During the entire period in question, GWB remained in Utah and Utah is the place where the alleged harm occurred. All of these contacts are directly related to the claims in this case. Consequently, the test for personal jurisdiction over GCI is met here.

## ORDER

For the reasons set forth above, the court ORDERS as follows:

Global Crossing's motion to dismiss or transfer (Dkt. No. 4) is DENIED;

GCI's motion joining Global Crossing's motion (Dkt. No 8) is DENIED and

CGI's motion to dismiss (Dkt. No. 24) is DENIED.

Moreover, it should be noted that the motions to appear telephonically (Dkt. Nos. 38 & 39) were GRANTED.

SO ORDERED this 13th day of March, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge